THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LEROY FREDERICK, Also Known as ROY FURMAN, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, First Department, March 23, 1953.

*Sidney V. Hirsh* for appellant.

*Frank S. Hogan, District Attorney* (*Richard G. Denzer* and *Paul A. Stone* of counsel), for respondent.

SILVER, J. The defendant was convicted of a violation of section U41–6.0 of the Administrative Code of the City of New York. The section prohibits the summary eviction of rooming house tenants by exclusion from possession. The evidence shows that the defendant forcibly evicted one of the tenants from her rooms.

The law was originally enacted in 1947, for a period of one year, and thereafter, re-enacted in 1948, and 1949. The last renewal by its terms expired on May 1, 1950.

The Legislature of this State provided (L. 1950, ch. 1, eff. Jan. 10, 1950), that the above local laws " are hereby legalized and validated * * * from the enactment thereof up to and including May 1, 1950 * * * and all acts authorized thereby or taken in conformity with the provisions thereof are hereby legalized and confirmed."

The Legislature also created a Temporary State Housing Rent Commission (L. 1950, ch. 250) authorized to fix and regulate rents " which shall be the same as those prescribed on March first, nineteen hundred fifty, pursuant to * * * local laws specified in chapter 1 ".

This act has been one of a series of " stand by " legislative acts and became operative on May 1, 1950, when the Federal Government indicated its intention to discontinue rent control. (See, U. S. Code, tit. 50, Appendix, § 1894.)

The foregoing State and city laws had been amended from time to time with the result that by May 1, 1950, they were almost identical.

The defendant contends that the instant proceeding was abated by virtue of the expiration of the local law under which it was instituted.

The offense was committed on March 15, 1950, complaint was made on April 13, 1950. On May 1, 1950, the local law terminated and was superseded by an act of the State Legislature. (L. 1950, ch. 250.) The trial was had on June 6, 1950, and judgment of conviction was rendered on August 11, 1950.

Thus the defendant claims that the proceedings began while the local law was in effect but concluded after its termination. He further argues that under the common law the repeal or termination of an ordinance puts an end to all proceedings growing out of it and pending at the time of repeal, unless saved by a clause in the repeal ordinance.

There is no constitutional principle that prevents a prosecution from being brought or carried forward, where the acts upon which it is based were criminal at the time they were committed, even though the applicable penal provision is no longer in effect. Whether or not a prosecution is maintainable under those circumstances is always a question of legislative intent.

The local law ceased to be operative upon offenses committed after May 1, 1950, the time when the State law took effect. All similar offenses thereafter committed came within the purview of the superseding enactment. The public emergency still existed with respect to the " housing of a considerable number of persons in the state of New York which emergency has been created by war, the effects of war and the aftermath of hostilities ". (L. 1950, ch. 250, § 1.) It cannot be presumed that the Legislature was ignorant or unmindful of the existing necessity to prevent disruptive practices or to prevent the punishment of offenses already committed.

An examination of the New York City Rent Control Law and the superseding State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250) leads this court to the conclusion that the Legislature intended to provide for a continuation, without hiatus, of the criminal as well as the civil and administrative phases of rent control as they existed up to May 1, 1950, under city and Federal regulations. The State law was intended to go on when the city law ceased and to continue the same scheme of rent regulation for the protection of the general welfare.

In furtherance of this clearly expressed intention, the Legislature, by chapter 36 of the Laws of 1951 (eff. Feb. 1, 1951), clarified the State Residential Rent Law (§ 16, as amd. by L.

1951, ch. 443) and stated " No existing right or remedy of any character shall be lost or impaired or affected by such enactment.''

The judgment of the court below is affirmed.

BARSHAY, P. J., and CANNELLA, J., concur.

Judgment affirmed.